Greg Adler, SBN 234142
GREG ADLER P.C.
35111F Newark Blvd., Ste 500
Newark, CA 94560
Phone: 844-504-6587
Email: greg@adler.law

Alfred G. Rava, SBN 188318
RAVA LAW FIRM
3667 Voltaire Street
San Diego, CA 92106
Phone: 619-238-1993
Email: alrava@cox.net

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMITABHO CHATTOPADHYAY, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br>v.<br><br>EVOLVE VACATION RENTAL NETWORK, INC.; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **Violation of Civil Rights Act of 1866 (42 U.S.C. § 1981);**<br>2. **California Unruh Civil Rights Act (California Civil Code § 51); and**<br>3. **Violation of California Civil Code § 51.5.** |

## INTRODUCTION AND SUMMARY OF COMPLAINT

1. Plaintiff Amitabho Chattopadhyay, on behalf of herself and all others similarly situated, brings this class action complaint against Defendant Evolve Vacation Rental Network, Inc. ("Evolve") for violations of (1) the Civil Rights Act of 1866,

1

codified as 42 U.S.C. section 1981, (2) California's Unruh Civil Rights Act, codified as California Civil Code section 51, and (3) California Civil Code section 51.5 for Evolve's discrimination against and unequal treatment of Plaintiff and the Class Members based on Plaintiff and the Class Members' citizenship and/or immigration status.

2.	Evolve has long had a policy and practice of denying non-U.S. and non-Canadian citizens Evolve's vacation rental management services based on citizenship and/or immigration status. At all times relevant to this Complaint, Plaintiff was a citizen of the Republic of Singapore legally residing in the United States, and was not a citizen of the United States or Canada. Plaintiff applied online on Evolve's website to be a customer of Evolve's vacation rental management services but Evolve denied its services to Plaintiff based on her not being a U.S. or Canadian citizen, as Plaintiff disclosed in her online application.

3.	On March 16, 2022, and again on October 8, 2022, almost immediately after submitting her online application to Evolve on these two dates to try to be a customer of Evolve's vacation rental services for Evolve to manage Plaintiff's residential property in California, Evolve sent Plaintiff an email denying Plaintiff Evolve's services because of Plaintiff's citizenship and/or immigration status, as follows (emphasis in original):

> Hi Amitabho.
> Thank you for providing us with some additional information about your property. **We would love to assist with your rental, but our underwriting system is only capable of supporting U.S. and Canadian citizens at this time**.
>
> Thanks again for your interest, Amitabho

///

Class Action Complaint For Damages
And Injunctive Relief

## PARTIES

4. At all times relevant hereto, Plaintiff Amitabho Chattopadhyay has been a legal resident of the United States residing in California, a citizen of the Republic of Singapore, and not a citizen of the United States or Canada.

5. At all times relevant hereto, on information and belief, Defendant Evolve Vacation Rental Network, Inc. has been Delaware corporation with its headquarters in Denver, Colorado, that for many years has been operating a website-based business throughout the State of California including in Napa County at www.evolve.com and has been contracting with Californians and managing vacation rental properties throughout the State of California.

6. The true names and capacities of the Defendants sued herein as Doe Defendants 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when their identities become known.

7. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, each and every defendant was acting as an agent and/or employee of each of the other Defendants, and was the owner, agent, servant, joint venturer and/or employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes, and thereon alleges, that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1981 claim. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Jurisdiction is proper under 28 U.S.C. § 1332 because

Class Action Complaint For Damages
And Injunctive Relief

Plaintiff is a citizen of the State of California, Evolve is a citizen of both the State of Colorado that is Evolve's principal place of business and the State of Delaware that is its state of incorporation, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and therefore federal question and diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, giving this Court jurisdiction.

9.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. This Court has personal jurisdiction over Evolve because for many years it has targeted California and otherwise expressly aimed its commercial activities at California, and Evolve has done substantial and continuous business in California for many years.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts, events, or omissions giving rise to Plaintiff's claims occurred in this district and Evolve has conducted business in this district.

## FACTS

12. Defendant Evolve is an internet-based business operating at www.evolve.com that provides its vacation rental services to both consumers looking for places to rent for their vacations, and to property owners who want to rent their property to vacationers. For example, for vacationers, Evolve.com touts the following:

> **Explore Top Vacation Spots Across North America**
> Choose a region, browse vacation destinations, and start planning your next adventure.
>
> | **Northeast** | **The South** | **Southwest** |
> | **New England** | **Gulf Coast** | **Mexico** |
> | **Midwest** | **The West** | |
> | **Great Lakes** | **Pacific Northwest** | |

Class Action Complaint For Damages
And Injunctive Relief

13. Under the above "**The West**" term, Evolve lists and markets the following examples of California vacation destinations: Arnold, Avalon, Big Bear Lake, Borrego Springs, Cathedral City, Crestline, Desert Hot Springs, Groveland, Indio, La Quinta, Lake Arrowhead, Mammoth Lakes, Oceanside, Palm Desert, Palm Springs, Pine Mountain Club, Running Springs, Sacramento, San Diego, South Lake Tahoe, and Truckee.

14. Evolve's website, at https://evolve.com/vacation-rentals, further targets the California market and advertises California vacation destinations under the heading "California Destinations" with the following hyperlinks leading website visitors to available rental properties in these California destinations:

> Headed west? Choose your favorite California adventure — the beach, the mountains, wine country — and we'll help you find the perfect home for vacation in the Golden State.
> California Wine Country
> Catalina Island, CA
> Lake Arrowhead, CA
> Big Bear, CA
> Lake Tahoe, CA
> Mammoth Lakes, CA
> Palm Springs, CA
> San Diego County, CA
> All California Vacation Homes

15. For owners of vacation or prospective vacation properties Evolve's website reads:

> BECOME AN EVOLVE OWNER
> **Launch Your Vacation Rental Business with Evolve**
> Become an Evolve owner and we'll handle the hard parts of managing your property (like marketing, filling your calendar, and supporting your

2

Class Action Complaint For Damages
And Injunctive Relief

guests). We do it all for an industry-low management fee of just 10%.

16.    Plaintiff is the owner of residential property located in the State of California. On October 8, 2022, while in Napa County, California, Plaintiff visited Evolve's website with the direct and specific intent to become an "Evolve Owner" in connection with Plaintiff's property that Plaintiff intended to rent out as a vacation property. Plaintiff had the intent that day, as well as on a previous day in March 2022, to contract with Evolve for Evolve to provide its vacation property management services to Plaintiff such as marketing, filling Plaintiff's calendar, and supporting Plaintiff's guests in exchange for a management fee from Plaintiff.

17.    However, when Plaintiff visited Evolve's website on October 8, 2022, with the intent to become an "Evolve Owner" and to contract with Evolve for Evolve's management services for Plaintiff's residential property to be rented by vacationers, Plaintiff encountered Evolve's U.S. and Canada citizenship terms that prevented Plaintiff, who is not a U.S. or Canadian citizen, from becoming an Evolve Owner or Evolve customer based on Plaintiff's citizenship and/or immigration status.

18.    Soon after submitting her online application to Evolve on this same date, October 8, 2022, to be a customer of Evolve's property management services, Evolve sent Plaintiff an email telling Plaintiff, with emphasis in the original, the following:

> Hi Amitabho.
> Thank you for providing us with some additional information about your property. **We would love to assist with your rental, but our underwriting system is only capable of supporting U.S. and Canadian citizens at this time**.
> Thanks again for your interest, Amitabho

19.    Earlier this year, on March 16, 2022, Plaintiff, while in California, also

Class Action Complaint For Damages
And Injunctive Relief

visited Evolve's website with the direct and specific intent to become an "Evolve Owner" in connection with Plaintiff's residential property that Plaintiff intended to rent out as a vacation property. Plaintiff had the intent that day to contract with Evolve for Evolve to provide its vacation property management services to Plaintiff such as marketing, filling Plaintiff's calendar, and supporting Plaintiff's guests in exchange for a management fee from Plaintiff.

20. However, when Plaintiff visited Evolve's website on March 16, 2022, with the intent to become an "Evolve Owner" and to contract with Evolve for Evolve's management services for Plaintiff's home to be rented by vacationers, Plaintiff encountered Evolve's U.S. and Canada citizenship terms that prevented Plaintiff, who is not a U.S. or Canada citizen, from becoming an Evolve Owner or Evolve customer based on Plaintiff's citizenship and/or immigration status.

21. Soon after submitting her online application to Evolve on this same date, March 16, 2022, to be a customer of Evolve's vacation rental services, Evolve sent Plaintiff an email telling Plaintiff, with emphasis in the original, the following:

> Hi Amitabho.
> Thank you for providing us with some additional information about your property. **We would love to assist with your rental, but our underwriting system is only capable of supporting U.S. and Canadian citizens at this time**.
> Thanks again for your interest, Amitabho

22. On March 16, 2022, after Plaintiff received the above rejection email from Evolve, Plaintiff replied to Evolve as follows:

> Hello - I am a permanent resident. Do I have to have US citizenship, regardless of my having permanent resident status?

4

Class Action Complaint For Damages
And Injunctive Relief

23. The next day, March 17, 2022, Evolve responded to Plaintiff's above email as follows:

> Hi Amitabho,
>
> Thank you for showing interest in working with Evolve. We appreciate you offering us the chance to work with you and your property. Unfortunately, at this time we're unable to proceed due to the limitations of our underwriting system. It currently allows us to process US & Canadian citizens only.
>
> We wish the best and hope that we will work together in the future.
>
> Cheers,
>
> The Evolve Team

24. Plaintiff has desired and continues to desire to become an Evolve Owner or customer and was previously, and currently is, able and ready to apply to become an Evolve Owner or customer.

25. Evolve's denial of its services to and refusing to contract or trade with Plaintiff based on her citizenship and/or immigration status violated the Civil Rights Act of 1866, codified as 42 U.S.C. § 1981, the California Unruh Civil Rights Act, codified as California Civil Code § 51, and California Civil Code § 51.5.

26. Evolve's disparate treatment of Plaintiff and other similarly situated people, based on their citizenship and/or immigration status has caused discontent, animosity, harm, resentment, division, and envy among residents of the United States who are not U.S. citizens, constituted intentional, arbitrary, unreasonable, and/or invidious discrimination, and contravened California and America's historical effort and compelling public policy to put an end to discrimination based on citizenship or immigration status.

27. But for the citizenship of Plaintiff and members of the Class Plaintiff and

the Class would not have been denied the right to make and enforce contracts with Evolve.

## CLASS ALLEGATIONS

28. Plaintiff brings class allegations under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a "Nationwide Class" consisting of all non-U.S. citizens and all non-Canadian citizens who applied on Evolve's website to be an "Evolve Owner" for Evolve's management services between October 17, 2018 through the date of final judgment in this action ("Nationwide Covered Period"), and who were denied on the basis of their citizenship to be an "Evolve Owner" by Evolve. Plaintiff is a member of the Nationwide Class.

29. Plaintiff also brings class allegations under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a "California Class" consisting of all non-U.S. citizens and all non-Canadian citizens who were in California at the time they applied on Evolve's www.evolve.com website to be an "Evolve Owner" for Evolve's management services between October 17, 2019 through the date of final judgment in this action ("California Covered Period"), who were denied on the basis of their citizenship to be an "Evolve Owner" by Evolve during the California Covered Period. Plaintiff is a member of the California Class.

30. Upon information and belief, Class Members in each of the classes are so numerous that joinder of all of them is impracticable. In a February 14, 2022, press release headlined, "EVOLVE RAISES $100 MILLION TO CONTINUE BUILDING ON-RAMP FOR THE NEXT GENERATION OF VACATION RENTAL GUESTS AND OWNERS," Evolve touted that it is "the fasted-growing vacation rental hospitality company in North America, manages over 19,000 homes and has generated more than $2 billion in rental income for its owners." See https://www.prnewswire.com/news-releases/evolve-raises-100-million-to-continue-building-on-ramp-for-the-next-generation-of-vacation-rental-guests-and-owners-301481180.html. This same press release also provided the following:

Evolve's impressive success continues today. Highlights include:

- Building a portfolio of more than 19,000 homes across 750+ markets.
- Welcoming more than 7 million guests to date.
- Growing net booking value by 78% year-over-year in 2021.

31. Plaintiff does not know the precise number of Class Members in each class because this information is in Evolve's possession.

32. There are questions of law and fact common to the classes, and these questions predominate over any questions affecting only individual members. The common questions include, but are not limited to, (1) whether Evolve's stated policies which exclude Class Members using or contracting with Evolve on the basis of their citizenship or immigration status (the "Policies") deprives Class Members of the right to contract in violation of Section 1981; (2) whether Evolve's application of the Policies deprive Class Members of their rights under California Civil Code section 51, the codification of the Unruh Civil Rights Act; (3) whether Evolve's application of the Policies deprive Class Members of their rights under California Civil Code section 51.5; (4) whether Class Members are harmed by Evolve's application of the Policies; (5) whether Class Members are entitled to compensatory damages; (6) whether Class Members are entitled to statutory damages under California Civil Code section 52 of no less than $4,000 for each and every offense of California Civil Code sections 51 or 51.5; (7) what equitable and injunctive relief for each of the classes is warranted; and (8) the scope of a resulting permanent injunction.

33. Plaintiff's claims are typical of the claims of the Class Members in each of the classes: (1) Plaintiff was within the jurisdiction of the United States; (2) Plaintiff attempted to apply on Evolve's website to be an Evolve Owner or otherwise contract with Evolve for Evolve's vacation rental property management services; and (3) Evolve denied Plaintiff the opportunity to be an Evolve Owner or contract with Evolve for

Evolve's vacation rental property management services solely due to Plaintiff's citizenship or immigration status. Each of these claims is substantially shared by every Class Member in each of the Classes. Each of the claims arises from the same course of conduct by Evolve, and the relief sought is common.

34. Plaintiff will fairly and adequately represent and protect the interests of the Class Members in each of the classes. Plaintiff has no conflict with any of the Class Members. Plaintiff is committed to the goal of having Evolve change its business practices to stop discriminating against Plaintiff and other non-U.S. citizens and non-Canadian citizens who are otherwise qualified to be an Evolve Owner or to contract with Evolve for Evolve's vacation rental property management services.

35. Plaintiff has retained counsel sufficiently competent in civil rights and class action matters, including California Civil Code sections 51, 51.5, and 52 claims, to represent the Class Members adequately in this action. For example, Plaintiff's counsel represented the prevailing plaintiffs/appellants in the landmark California Supreme Court California Civil Code sections 51 and 51.5 case of *Angelucci v. Century Supper Club* (2007) 41 Cal.5th 160, which held that discrimination victims, whether they be victims of citizenship, immigration status, race, sex, or any other form of discrimination prohibited by Civil Code sections 51 or 51.5, did not have to first confront the discriminating business and affirmatively assert their right to equal treatment in order to have standing for a Civil Code section 51 or 51.5 claim. *Angelucci* enabled citizenship or immigration status discrimination class action lawsuits under the Civil Code sections 51 or 51.5, such as this one, to be viable.

36. The number of Class Members is ascertainable through Evolve's records, particularly through its digital logs of applications to be an Evolve Owner and emails rejecting applicants based on their citizenship or immigration status, such as the above emails Evolve sent to Plaintiff denying Plaintiff Evolve's property management services. Accordingly, each of the proposed classes is ascertainable.

37. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2)

because Evolve has acted and/or refused to act on grounds generally applicable to all Class Members, making declaratory and injunctive relief and statutory damages appropriate with respect to the classes as a whole. Evolve excluded and continues to exclude Class Members outright from being Evolve Owners or otherwise preventing Class Members to contract with Evolve for Evolve's property management services due to their citizenship or immigration statuses. Class Members are entitled to injunctive and other make-whole relief to end Evolve's common, unfair, and discriminatory policies.

38. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class Members. Further, a class action is superior to other available methods for the fair and efficient adjudication of this litigation since joinder of all members is impracticable. The Class Members have been damaged and are entitled to recovery due to Evolve's common, unfair, and discriminatory policies. Damages are capable of measurement on a class wide basis. The Class Members will rely on common evidence to resolve their legal and factual questions, including applicable policies in the relevant period. Accordingly, there will be no undue difficulty in the management of this litigation as a class action.

## FIRST CAUSE OF ACTION

**Violation of the Civil Rights Act of 1866 - 42 U.S.C. Section 1981**

39. Plaintiff incorporates in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

40. Plaintiff brings this action on behalf of herself and the California Class and the Nationwide Class.

41. Plaintiff and Class Members are persons within the jurisdiction of the United States.

42. Plaintiff and Class Members are non-U.S. citizens and non-Canadian

citizens in the United States, and are residents of the United States.

43. Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

44. Evolve intentionally discriminated against Plaintiff and Class Members solely on the basis of citizenship by denying them the opportunity to contract to become an Evolve Owner or to use Evolve's property management services.

45. Evolve's intentional discrimination against Plaintiff and Class Members impaired their right to make and enforce contracts to become an Evolve Owner or to use Evolve's property management services.

46. Evolve's policies and practices of refusing to allow Plaintiff and Class Members the opportunity to become an Evolve Owner or to use Evolve's property management services based on citizenship harmed Plaintiff and Class Members and constitutes unlawful citizenship discrimination in the making and enforcing of contracts in violation of 42 U.S.C. § 1981.

47. Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiff and Class Members have suffered and continue to suffer injury caused by Evolve's discriminatory acts and omissions.

48. Evolve's conduct has caused, and continues to cause, Plaintiff and Class Members substantial losses of rental income realized by renters of vacation properties, as well as the other benefits Evolve touts and provides for Evolve Owners. Evolve's intentional discrimination thus impaired Plaintiff and the Class Members' right to full and equal services and Plaintiff and Class Members' right to make and enforce contracts for property management services.

## SECOND CAUSE OF ACTION

**Violation Of The Unruh Civil Rights Act, California Civil Code Section 51**

49. Plaintiff incorporates in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

50. Evolve is a "business establishment" within the meaning of California Civil Code section 51.

51. Plaintiff brings this action on behalf of herself and the California Class.

52. Plaintiff and California Class Members are persons within the jurisdiction of the United States.

53. Plaintiff and California Class Members are non-U.S. citizens and non-Canadian citizens in the United States, and are residents of the United States.

54. Plaintiff and California Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

55. Evolve, by intentionally denying Plaintiff and California Class Members full and equal accommodations, advantages, facilities, privileges, and/or services by denying Plaintiff and California Class Members the opportunity to be an Evolve Owner or to use Evolve's property management services, violated California's Unruh Civil Rights Act, codified as California Civil Code section 51, by treating Plaintiff and California Class Members unequally based on their citizenship and/or immigration status.

56. A substantial motivating reason for Evolve's conduct was the citizenship and/or immigration status of the Plaintiff and California Class Members.

57. Evolve denying Plaintiff and California Class Members full and equal access to Evolve's services harmed and damaged Plaintiff and California Class Members.

58. Evolve denying Plaintiff and California Class Members full and equal access to Evolve's services was a substantial factor in causing harm and damages to Plaintiff and California Class Members.

59. Pursuant to Civil Code section 52, Evolve is liable to Plaintiff and California Class Members for the statutory damages mandated by Civil Code section

52 for each and every offense, and attorneys' fees that may be determined by the court in addition thereto.

60. Pursuant to Civil Code section 52, public injunctive relief is necessary and appropriate to prevent Evolve from continuing and repeating its discriminatory actions alleged above. Plaintiff and California Class Members are entitled to public injunctive relief.

## THIRD CAUSE OF ACTION
### Violation of California Civil Code Section 51.5

61. Plaintiff incorporates in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

62. Evolve is a "business establishment" within the meaning of California Civil Code section 51.5.

63. Plaintiff brings this action on behalf of herself and the California Class.

64. Plaintiff and California Class Members are persons within the jurisdiction of the United States.

65. Plaintiff and California Class Members are non-U.S. citizens and non-Canadian citizens in the United States, and are residents of the United States.

66. Evolve, by denying Plaintiff and California Class Members full and equal accommodations, advantages, facilities, privileges, and/or services by denying Plaintiff and California Class Members the opportunity to be an Evolve Owner or to use Evolve's property management services, violated California Civil Code section 51.5, which prohibits businesses from discriminating against, boycotting, blacklisting, and refusing to contract or trade with people based on their citizenship and/or immigration status.

67. A substantial motivating reason for Evolve's conduct was the citizenship and/or immigration status of the Plaintiff and California Class Members.

68. Evolve denying Plaintiff and California Class Members full and equal access to Evolve's services harmed and damaged Plaintiff and California Class Members.

69.  Evolve denying Plaintiff and California Class Members full and equal access to Evolve's services was a substantial factor in causing harm and damages to Plaintiff and California Class Members.

70.  Pursuant to Civil Code section 52, Evolve is liable to Plaintiff and California Class Members for the statutory damages mandated by Civil Code section 52 for each and every offense, and attorneys' fees that may be determined by the court in addition thereto.

71.  Pursuant to Civil Code section 52, public injunctive relief is necessary and appropriate to prevent Evolve from continuing and repeating its discriminatory actions alleged above. Plaintiff and California Class Members are entitled to public injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members, for each class, pray judgment against each and every Defendant as follows:

1.  Certification of the case as a class action on behalf of the proposed California Class and Nationwide Class;

2.  Designation of Plaintiff as representative of both the California Class and the Nationwide Class;

3.  Designation of Plaintiff's counsel of record as Class Counsel;

4.  A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. § 1981 and California Civil Code §§ 51 and 51.5;

5.  Public injunctive relief in the form of a preliminary and permanent injunction against Evolve and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

6.  For general and special damages according to proof for violating 42 U.S.C. § 1981;

7.  For exemplary and punitive damages according to proof for violating 42

U.S.C. § 1981;

8. For statutory damages mandated by and pursuant to California Civil Code section 52 for each and every offense committed by Evolve against Plaintiff and California Class Members for violating California Civil Code §§ 51 and 51.5;

9. Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law, including as provided by California Civil Code § 52 and California Code of Civil Procedure § 1021.5; and

10. For such other and further legal and equitable relief as this Court may deem proper, appropriate, justified, or equitable.

Dated: October 17, 2022            Respectfully Submitted,

/s/ Greg Adler
Greg Adler (Cal. Bar No. 234142)
GREG ADLER P.C.
35111F Newark Blvd., Suite 500
Phone: 844-504-6587
Fax: 469-807-8878
Email: greg@adler.law
*Attorney for Plaintiff and the Putative Class*

/s/ Alfred G. Rava
Alfred G. Rava (Cal. Bar No. 188318)
RAVA LAW FIRM
3667 Voltaire Street
San Diego, California 92106
Phone: 619-238-1993
E-mail: alrava@cox.net
*Attorney for Plaintiff and the Putative Class*